UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN BURNS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY d/b/a NESTLE INFANT NUTRITION, and NESTLE USA, INC.,<br><br>Defendants. | No. CV-12-5027-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER, TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY, AND CLOSING FILE** |

### I. INTRODUCTION

This matter comes before the Court on Defendants Gerber Products Company and Nestlé USA, Inc.'s (collectively, "Defendants") Motion to Transfer, ECF No. 33. Defendants Gerber Products Company ("Gerber") and Nestlé USA ("Nestlé") ask the Court to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the District of New Jersey, where a consolidated class-action suit asserting near-identical claims is currently pending. The Court heard telephonic argument on the motion on February 5, 2013. Jack Fitzgerald appeared and argued on behalf of Plaintiff. Dale Joseph Giali appeared and argued on behalf of Defendants. Having reviewed the parties' submissions and the applicable authority, and being fully informed, the Court orally

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 1

granted Defendant's motion at the hearing.  This Order memorializes and supplements the Court's oral ruling.

## II. BACKGROUND

This case is one of ten near-identical false advertising class actions filed against Gerber and Nestlé between February 2012 and April 2012 in various district courts throughout the country.  At least five of the ten suits have been consolidated in the District of New Jersey as *In re Gerber Probiotic Sales Practices Litigation*, Civ. No. 12-835 (JLL) (CLW) (D.N.J. 2012) ("*In re Gerber*"), including the first-filed *Siddiqi* case, which was transferred from the Central District of California to the District of New Jersey.  Four other cases remain in California.  Each of the ten suits was filed by one of three groups of plaintiffs' counsel: the Weston Firm (California), the Law Offices of Ronald A. Marron (California), and Carella, Byrne, Cecchi, Olstein, Brody & Agnello (New Jersey).  The Weston Firm, counsel to Plaintiff in this instant case, is also counsel of record in two of the pending California suits.

On June 27, 2012, Defendants filed a Motion to Dismiss or, in the Alternative, to Transfer, ECF No. 13.  While that motion was pending, on August 3, 2012, Plaintiff filed a Motion to Stay Pending Resolution of MDL Motion to Transfer, ECF No. 20.  Plaintiff asked this Court to stay proceedings in this suit while his motion for consolidation was pending before the Judicial Panel on Multi-District Litigation ("MDL Panel").  On September 4, 2012, following a hearing on the parties' motions, the Court denied in part and held in abeyance in part Defendants' motion, finding that dismissal was not warranted

but deferring judgment on the issue of transfer until the MDL Panel had resolved Plaintiff's consolidation motion. ECF No. 27. The Court granted Plaintiff's motion to stay. *Id.* On October 16, 2012, the MDL Panel denied Plaintiff's motion to consolidate. ECF No. 28.

With the Court's leave, Plaintiff filed an amended complaint, asserting only Washington state-law claims on behalf of a putative class of Washington consumers. ECF No. 32. Defendants again seek transfer to the District of New Jersey for consolidation with *In re Gerber*.

### III. DISCUSSION

**A. Legal Standard**

A district court may transfer a civil action to another district where it might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice[.]" 28 U.S.C. § 1404(a). Transfer is warranted "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). Courts are "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). Some factors the Court may consider in evaluating a motion to transfer under § 1404(a) include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause

      of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org.*, 487 U.S. at 29).  Transfer under § 1404(a) lies soundly within the discretion of the trial court.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986*)*.

**B.    Analysis**

    The MDL Panel initially denied consolidation under 28 U.S.C. § 1407, finding instead that "where a reasonable prospect exists that resolution of [§] 1404 motions could eliminate the multidistrict character of a litigation, transfer under [§] 1404 is preferable." MDL Order Denying Transfer, ECF No. 28, at 3.  Although the MDL Panel has hinted that it expects the various district courts to transfer all of the Gerber cases to New Jersey, the panel has indicated a willingness to revisit consolidation if the cases are not transferred:

      We are sympathetic to the concern expressed by the defendants at the hearing session that, if any of their motions to transfer are denied, they may find themselves litigating actions on opposite ends of the country involving duplicative discovery and warring plaintiffs' counsel.  Should that occur, the parties may file another [§] 1407 motion, and the Panel will revisit the question of centralization at that time.

ECF No. 28, at 4.

    As Defendants correctly observe, this transfer motion is unlike the typical binary "either-or" transfer motion, because the consolidated *In re Gerber* action will continue in New Jersey regardless of the outcome of this transfer motion.  Thus, the Court

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 4

cannot simply weigh the benefits and costs of Washington versus New Jersey as the forum for Plaintiff's case; instead, the question is whether this suit should be consolidated with *In re Gerber* in New Jersey, or whether it should proceed simultaneously – and separately – in Washington.

Each of the *Jones* transfer factors is analyzed below. But the Court is also mindful that while the *Jones* factors may guide the Court in determining whether transfer is warranted, those factors must also be weighed against another, potentially dispositive factor: the significant, unnecessary – and ultimately avoidable – burden on limited judicial resources if transfer is denied. "Concerns over judicial efficiency are *paramount* in situations such as this." *Johansson v. Cent. Garden & Pet Co.*, No C 10-03771 MEJ, 2010 WL 4977725, at *3 (N.D. Cal. Dec. 2, 2010) (citing *Stein v. Immelt*, No. 3:09-CV-808 (RNC), 2010 WL 598925, at *2 (D. Conn. Feb. 18, 2010) (emphasis added)).

1. <u>Crux of the Case</u>

In this case, no agreement was directly negotiated or executed between the parties; thus, in assessing the first *Jones* factor — "the location where the relevant agreements were negotiated and executed," *Jones*, 211 F.3d at 498 — the proper question is instead where the "crux of the case" lies. *See Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP (JCGx), 2012 WL 5470057, at *6 (C.D. Cal. Nov. 8, 2012) (evaluating where the crux of the case lies, regardless of where the underlying purchase of consumer goods occurred). In *Jovel*, a similar false-advertising class-action, the court found that a plaintiff's

purchase of a product in her home district carried "little weight" in determining proper venue. *Id.* Instead, the Court concluded that "the crux of the case lies not in [plaintiff's] act of purchasing the product . . . but instead in issue of the alleged misrepresentations . . . ." *Id.; see also Rikos v. Procter & Gamble Co.*, No. 10CV1974 BEN (CAB), 2011 WL 1456096, at *2 (S.D. Cal. Apr. 13, 2011) (finding that the "operative facts" in a false-advertising class action occurred in defendant's preferred forum because defendant was headquartered and made decisions regarding product marketing in that forum).

Thus, the crux of the present case is not Washington, the state where Plaintiff purports to have purchased a falsely advertised product, but rather New Jersey, the state where Gerber is headquartered and allegedly issued misrepresentations concerning its products. The primary focus of this action is the development and marketing of certain Gerber consumer goods, and decisions about how such goods were to be advertised to consumers.[1] This factor therefore weighs in favor of transfer to New Jersey.

2.  <u>Familiarity with Governing Law</u>

Another factor the Court must consider in weighing a transfer is which court is most familiar with the applicable governing law. *Jones*, 211 F.3d at 498. In his amended complaint, Plaintiff asserts only Washington state-law claims. Accordingly, it might appear that "this Court is in a better position to decide the claims under

---

[1] Gerber alleges – and Plaintiff does not dispute – that Nestlé will play little, if any, substantive role in this litigation.

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 6

1  Washington [law]" than the New Jersey court would be.  *Pac. Coast
2  Trailers, LLC v. Cozad Trailer Sales, LLC*, No. CV-10-0111-EFS, 2010 WL
3  2985701, at *2 (E.D. Wash. July 21, 2010); *accord In re Ferrero*
4  *Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011)(reaching the same
5  conclusion for claims asserted under California law).  However,
6  federal courts routinely and competently apply the laws of other
7  states.  And importantly, the Washington laws at issue in this case
8  are "not especially complex or specialized"; it seems likely that
9  "[t]he resolution of this action will depend less on expertise in
10 [Washington] law and more on the court's fact-finding function."
11 *Barnstormers, Inc. v. Wing Walkers, LLC*, No.09CV2367 BEN (RBB), 2010
12 WL 2754249, at *3 (S.D. Cal. July 9, 2010).  This factor is neutral.
          3.   Plaintiff's Choice of Forum
               Ordinarily, a plaintiff's choice of forum is generally accorded
   "great weight," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987),
   and is not disturbed except on a "strong showing of inconvenience,"
   *Decker Coal*, 805 F.2d at 843.  However, "when an individual . . .
   represents a class, the named plaintiff's choice of forum is given
   less weight."  *Lou*, 834 F.2d at 739.  In judging the weight to give a
   class-action plaintiff's choice of forum, the Court weighs the extent
   of the plaintiff's contacts with the forum.  *Id.*  Here, Plaintiff
   resides in Washington, and all putative class members purchased the
   allegedly misadvertised products in Washington.  Thus, Plaintiff's
   choice to bring suit in Washington is afforded substantial weight, and
   this factor counsels against transfer.
   //

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 7

1    Moreover, during the hearing on this motion, Plaintiff's counsel
2 expressed concern that if this Court ordered consolidation with *In re*
3 *Gerber*, either Plaintiff Ryan Burns - as the putative class
4 representative for Washington consumers - or the Washington state-law
5 claims might be omitted from the consolidated litigation.  Although
6 the Court is concerned about this possibility, the Court considers it
7 an unlikely outcome.  The Court is confident that the presiding
8 judicial officer in *In re Gerber* will preserve the Washington state-
9 law claims and Washington subclass to ensure no putative Washington
10 plaintiff in this action is denied the right to pursue their chosen
11 cause of action.

12      4.    <u>Parties' Contacts with Washington and New Jersey</u>

13    The parties' contacts with the two potential venues for this
14 suit also bear on the transfer analysis.  Although this factor
15 overlaps somewhat with the "crux of the case" factor above, the Court
16 must consider the extent of each party's contacts with each forum, not
17 just where the gravamens of the case lies.  Plaintiff lives and works
18 in Washington, and he allegedly purchased misadvertised products in
19 this forum.  Although Gerber's contacts with Washington are not nearly
20 as substantial, they are not *de minimis*: Gerber markets and sells its
21 products in Washington to residents of this state, and it collects
22 revenue from the citizens of this state.  In contrast, in New Jersey,
23 the parties' positions are reversed: Plaintiff apparently has no
24 contact with New Jersey (at least, relevant to this lawsuit), whereas
25 Gerber's contacts are systematic and extensive.  In addition to the
26 fact that Gerber is headquartered in New Jersey, Gerber's

manufacturing and marketing employees are presumably located in New Jersey, and decisions related to the marketing of Gerber's products are made in New Jersey.  On balance, because both parties have contacts with Washington but only Gerber has contacts with New Jersey, this factor weighs against transfer to New Jersey.

### 5. Costs of Litigation

Because *In re Gerber* will proceed regardless of whether this case is transferred, there will only be a marginal, if any, cost associated with consolidating this case with *In re Gerber.*  On the other hand, if the Court were to deny transfer, the overall cost of litigation will be effectively doubled because both suits will proceed independently — and possibly with different Plaintiff's counsel.  In light of the cost savings that will occur if this case is consolidated in New Jersey, this factor weighs heavily in favor of transfer.

### 6. Availability of Compulsory Process

A party may compel the testimony of its employees at trial. *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988).  However, for non-party witnesses, the Court's subpoena power extends to anywhere within the district and one hundred miles of the place of trial.  Fed. R. Civ. P. 45(b)(2).  For these reasons, convenience of third-party witnesses is generally a more important consideration than that of party witnesses.  *In re Ferrero Litig.*, 768 F. Supp. 2d at 1080.

Neither party has yet identified any potential non-party witnesses.  Defendants assert that most of their witnesses are "presumably located in New Jersey," and Plaintiff contends that he

expects expert witnesses from around the country to participate. Thus, in the absence of specificity as to potential third-party witnesses, this factor is neutral.

7. <u>Access to Evidence; Convenience of the Parties & Witnesses</u>

Because most documentary evidence can now be produced electronically, absent some unique and presently-unknown difficulty, the documentary evidence in this case is not likely to create a greater or lesser burden depending on whether this matter proceeds in Washington or in New Jersey. Thus, access to sources of proof is a neutral factor.

As to party witnesses, Gerber suggests that most of its manufacturing and marketing employees who would offer relevant testimony are likely located in New Jersey, although at this stage of the litigation, the extent of the potential witness list and the locations of those witnesses is largely unknown. Plaintiff, on the other hand, contends that because he lives in Washington, he would bear a disproportionate expense if he had to travel and stay in New Jersey to participate in this matter. Plaintiff argues that Defendants, as corporate entities, are better able to shoulder costs of travel than Plaintiffs. However, as a named plaintiff in a class-action suit, Plaintiff has little reason to travel to New Jersey: if his deposition is required, that deposition will be conducted in Washington. Fed. R. Civ. P. 45(a)(2)(B), (b)(2)(B). No party witnesses in Washington, other than Plaintiff, have been identified.

Alternatively, Plaintiff argues that the convenience of party witnesses is not a factor warranting consideration, and that instead,

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 10

the Court should only consider the convenience of non-party witnesses, such as experts.  It is true that "the convenience of key witnesses who are employees of the defendant requesting transfer is entitled to less weight" than the convenience of non-party witnesses.  *Hartfield v. Offshore Oil Servs., Inc.*, Civ. No. G-06-275, 2006 WL 2670984, at *6 (S.D. Tex. Sept. 14, 2006) (internal quotation omitted).  But the convenience of party witnesses "is still a factor this Court may consider," *Rikos*, 2011 WL 1456096, at *2, and it favors transfer.

As to non-party witnesses, neither Plaintiff nor Defendants have specifically identified any.  Accepting as true Plaintiff's contention that most non-party witnesses are likely to be experts, if the Court declined to transfer this matter, those experts would presumably have to travel twice: to New Jersey, for *In re Gerber* depositions, and to Washington, for *Burns* depositions.  Duplicative travel would also be required should both matters proceed to trial.  There has been no showing that New Jersey is a *less* convenient forum for non-party witnesses than Washington, and indeed, common sense suggests that it is more convenient to consolidate all witness participation in one forum and to reduce unnecessary travel.  Accordingly, this factor also favors transfer.

Finally, New Jersey is plainly the more convenient forum for counsel.  Plaintiff's counsel hails from San Diego; and while the travel costs from California to New Jersey might be slightly higher than the costs of travel from California to Washington, they are not disproportionately so.  On the other hand, defense counsel will already be present in (or will be required to travel to) New Jersey to

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 11

participate in *In re Gerber*. If this case were not transferred, defense counsel would be also be required to travel to Washington for proceedings in this matter. Thus, this factor too favors transfer.

### IV. CONCLUSION

On balance, most of the *Jones* factors favor transfer. Plaintiff's choice of forum, and the extent of the parties' contacts with Washington, weigh against transfer. However, the crux of the case belongs in New Jersey; further, the convenience of the parties, witnesses, and counsel, as well as the costs of litigation weigh just as strongly — if not more so — in favor of transfer. But ultimately, Plaintiffs have not presented a compelling case sufficient to overcome the "paramount" factor weighing in favor of transfer: judicial economy and the conservation of limited judicial resources. *Johansson*, 2010 WL 4977725, at *3. Transfer is plainly warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Transfer, **ECF No. 33**, is **GRANTED.**

2. This matter is hereby **TRANSFERRED** to the United States District Court for the District of New Jersey for all subsequent proceedings.

3. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 12th day of February 2013.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2012\5027.transfer.grant.lc2.docx

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF NEW JERSEY - 12